FRANCIS COBB & others *vs.* LIME ROCK FIRE AND MARINE INSURANCE COMPANY.

*Warranty—words constituting a—when affected by usage.*

In a policy of insurance on a vessel, the words, "prohibited from the River and Gulf of St. Lawrence between September first and May first," constitute a warranty that the vessel shall not enter those waters within the time mentioned.

The words are to be construed in their ordinary and popular sense, unless by some known usage of trade they have a different meaning.

The usage or the construction given to particular words in Boston, Mass., will not affect a policy of insurance upon a vessel made at Rockland, Maine, containing the same words, unless a similar usage or the same construction is shown to exist in the latter place.

ON REPORT.

ASSUMPSIT by merchants residing in Rockland, upon a policy of insurance upon the schooner Republic, issued April 4, 1861, by the defendant company established in Rockland. The policy contained the following clause : " Prohibited from the River and Gulf of St. Lawrence between September first and May first."

The schooner sailed from St. Johns, Newfoundland, to Pictou, N. S., in December, 1861, where she took on a cargo of coal and then sailed for Boston. Between Pictou and the Gut of Canso she encountered a gale. At Port Mulgrave a survey was had and a portion of her cargo taken out, whereupon she proceeded on her homeward voyage and was lost.

It was agreed that either party might use at the hearing Colton's and Johnson's Atlases and the maps and charts used at the trial, and may read any articles from Blunt's Coast Pilot, Encyclopedia Britannica, Lippincott's Gazetteer, Barclay's Dictionary, and furnish the court with extracts therefrom, the court to make such use thereof as may be admissible.

The case was withdrawn from the jury and reported to the full court, who were to enter the judgment required by the law and evidence.

*O. G. Hall* and *Davis & Drummond*, for the plaintiffs.

*A. P. Gould*, for the defendants.

APPLETON, C. J. This is an action upon a policy of insurance upon the schooner Republic, containing this clause, "prohibited from the River and Gulf of St. Lawrence between September first and May first." These words constitute a warranty that the vessel shall not enter those waters within the time specified. *Odiorne* v. *N. E. Mutual Marine Ins. Co.*, 101 Mass. 551.

The schooner sailed from St. Johns, Newfoundland, to Pictou, N. S., in December, where she loaded with coal. After leaving Pictou the vessel encountered a heavy gale, and was lost on her homeward voyage.

The vessel was in the Gulf of St. Lawrence within the prohibited time, if the Strait of Northumberland is within the gulf, and upon consulting the authorities to which counsel have referred, we are satisfied that it is. Bowditch, in his Navigator, the work most likely to be used by ship-masters or consulted by them, places Pictou in the gulf, and designates the Gut of Canso as the north-

ern entrance to the same.   If so, according to the plain language of the policy, the plaintiff must fail.

But, it is said, though the Strait of Northumberland and Pictou may geographically be deemed as within the gulf, yet that in mercantile acceptation they are not so regarded, and that evidence to show such to be the case is properly receivable.   *Robertson* v. *Clarke,* 8 E. C. L. 373; *Robertson* v. *Maury,* 21 E. C. L. 383.

The construction of a policy is to be governed by the law of the place where it is made.   The words used are to be understood in their ordinary and popular sense, unless by some known usage of trade they have a different meaning.   An usage may be local or general.   But if local, the contracting parties are not bound by the usages of other places, unless they are referred to or made part of the contract.   It is immaterial what may be the usage or the construction given to particular words in Boston, they will not affect a contract at Rockland, unless a similar usage or the same construction to the same words is shown to exist there, if the contract is there made.   The usage must be definite and brought home to the knowledge of the parties to be affected, or so general and well established that there must be ground to presume the parties had knowledge of it, or that they were bound to be informed of it.

Now the evidence entirely fails to show that in this State or at Rockland, there was any such meaning attached to the prohibitory clause as the plaintiffs claim.   The evidence on the subject is contradictory.   When the evidence is thus contradictory, and the defendants utterly deny any knowledge of such a construction as the plaintiffs contend for, the contract must be taken in the ordinary acceptation of the language used.        *Plaintiffs nonsuit.*

CUTTING, KENT, and BARROWS, JJ., concurred.

DICKERSON, J., concurred in the result.

TAPLEY, J., did not concur.